**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Cynthia J Watson, | No. CV-17-03783-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Office of Inspector General, *et al.*, | |
| Defendants. | |

At issue is *pro se* Plaintiff Cynthia Watson's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2).

## I.  LEGAL STANDARDS

### A.  28 U.S.C. § 1915(e)(2)

For cases in which a party is permitted to proceed *in forma pauperis*, Congress provides that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Section 1915(e) applies to all *in forma pauperis* proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Id.* at 1127. "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal

Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

### B. Sufficiency of a Claim

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court is to construe a *pro se* plaintiff's complaint "liberally" and afford the plaintiff "the benefit of any doubt." *Watison*, 668 F.3d at 1112 (citation omitted).

## II. ANALYSIS

Upon review of Plaintiff's Complaint (Doc. 1, Compl.), the Court finds that the Complaint fails to comply with Federal Rules of Civil Procedure 8 and 10(b). Rule 8(a) requires that:

> A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claims, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

"Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Furthermore, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Even where a complaint has the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim," it may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

Rule 10(b) requires that:
> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later

> pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b).

Moreover, Plaintiff's Complaint must give Defendant "fair notice of what [Plaintiff's] claim is and the grounds upon which it is based." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005). This includes some factual basis for each claim asserted and the specific legal theory supporting the claim. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. 678.

Though Plaintiff's allegations are not entirely clear, the Court reads Plaintiff's Complaint to allege constitutional injuries under *Bivens* and 42 U.S.C. § 1983 for the placement of Plaintiff's name in the Office of Inspector General's Exclusions Database. For her alleged injuries, Plaintiff requests $500,780,000 in damages. To the extent that Plaintiff brings a *Bivens* claim against the Office of the Inspector General ("OIG"), her claim fails. *Bivens* itself does not waive federal sovereign immunity and provide a cause of action for damages against government agencies. *Arensberg v. United* States, 757 F.2d 971, 980 (9th Cir. 1985); *see also FDIC v. Meyer*, 510 U.S. 471, 486 (1994). Therefore, Plaintiff's claims for damages against OIG are dismissed.

Further, to the extent that Plaintiff's claims under *Bivens* and § 1983 lie against individual employees of OIG and the Arizona Department of Public Safety, Plaintiff fails to meet the Rule 8 requirements with regard to stating a claim. Plaintiff alleges that she had a number of telephone and email conversations with Defendant Frances and that Frances was "overjoyed with excitement of the accomplishment [sic] of what this database had done for IG." As to Defendants Ford and Bainer, Plaintiff again merely alleges that she had a number of telephone and email interactions with Defendants. Finally, as to Defendant "Rose at DPS Psych Unit," Plaintiff makes no individualized allegations.

Plaintiff's allegations are general, conclusory, and devoid of any facts showing, for example, what each Defendant did, said, did not do, or did not say, and why and

action or inaction violates any law or the Constitution. It is impossible from the pleadings for this Court or for Defendants to have notice of any specific or general acts taken by Defendants that Plaintiff claims to be contrary to law. The Court concludes Plaintiff's Complaint fails to state a claim upon which relief may be granted and it will dismiss the action without prejudice.

If a defective complaint can be cured, the plaintiff is entitled to amend the complaint before the action is dismissed. *See Lopez*, 203 F.3d at 1127–30. Here, the Court will give Plaintiff an opportunity to amend her Complaint, but any Amended Complaint must meet the requirements of the Federal Rules of Civil Procedure.

With regard to the Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2), the Court finds that the Application is not clear enough for the Court to meaningfully evaluate Plaintiff's ability to pay the costs of these proceedings. For example, although Plaintiff provides her specific take home wages, she fails to provide with specificity her monthly expenses and financial obligations.

**IT IS THEREFORE ORDERED** dismissing Plaintiff's Complaint (Doc. 1).

**IT IS FURTHER ORDERED** that Plaintiff may file an Amended Complaint that complies with the Federal Rules of Civil Procedure no later than 21 days from the date of this order. If no Amended Complaint is timely filed, the Clerk shall dismiss this action without further Order of the Court.

**IT IS FURTHER ORDERED** striking Plaintiff's Application to Proceed in Dsitrict Court Without Prepaying Fees or Costs because Plaintiff provided insufficient detail. If Plaintiff files an Amended Complaint, Plaintiff may either file an Amended Application to Proceed in District Court Without Prepaying Fees or Costs containing the required information, or pay the Court's filing fee.

**IT IS FURTHER ORDERED** that if Plaintiff elects to file an Amended Complaint, it may not be served on Defendant until and unless the Court screens the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2). If and when the Court gives

Plaintiff leave to serve an Amended Complaint, Plaintiff shall be responsible for service and may do so by request for waiver under Federal Rule of Civil Procedure 4.

Dated this 30th day of October, 2017.

_____
Honorable John J. Tuchi
United States District Judge