**WO**  NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cynthia J Watson, | No. CV-17-03783-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Office of Inspector General, *et al.*, | |
| Defendants. | |

At issue are Plaintiff Cynthia Watson's Amended Complaint (Doc. 7, Am. Compl.) and Amended Application for Leave to Proceed *In Forma Pauperis* (Doc. 8).

The Court previously dismissed Plaintiff's Complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2) for failing to comply with Federal Rules of Civil Procedure 8 and 10(b) and denied Plaintiff's Application for failure to set forth with specificity details to analyze the Application. (Doc. 6.) The Court afforded Plaintiff 21 days to file an Amended Complaint and Application. Plaintiff filed her Amended Complaint and Application on November 13, 2017, complying with the Court's directive.

However, upon review of Plaintiff's Amended Complaint, the Court finds that Plaintiff fails to correct the deficiencies plaguing the initial Complaint. As the Court articulated in its earlier Order (Doc. 6), the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). These facts must give each Defendant "fair notice of what [Plaintiff's] claim

is and the grounds upon which it is based." *Holgate v. Bladwin*, 425 F.3d 671, 676 (9th Cir. 20015). This includes some factual basis for each claim asserted and the specific legal theory supporting the claim. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not sufficie." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Plaintiff's Amended Complaint falls well short of satisfying these federal pleading requirements. First, Plaintiff fails to meet the Rule 8 requirements with regard to stating a claim. Plaintiff names as Defendants the following individuals and entities: (1) "Office of Inspector General" ("OIG"); (2) "Attorney General"; (3) "Joann M Frances, Investigation Analyst"; (3) Christopher Ford, Atty [sic] Advisor"; (4) "Keith W. Sickendick ALJ"; (5) "Madeline J. Bainer, Esq."; (6) Arizona Department of Public Safety; and (7) "Rose / Badge 5115, Examiner." (Compl. at 1.) Yet, the Amended Complaint contains little to no factual matter connecting each of these Defendants to the injuries Plaintiff alleges to have suffered. Instead, Plaintiff's fourteen-page Amended Complaint largely contains vague references to constitutional principles with little reliance on factual allegations. Plaintiff comes closest to providing the Court with factual matter supporting her claims through her allegations that Defendants are liable for:

> (1) Not following the proper procedure before reporting the information on their website with incorrect information (2) Making it very clear that they were beyond the judge regardless of it being expunged they did not have to remove her name. [sic] (3) Failing to update the exculpatory information, namely, that (a) the record had been expunged and that all governmental [sic] agency need to update the database. (4) Not giving proper notification to the plaintiff that is part of their policy.

(Am. Compl. at 2.) Plaintiff alleges that these acts violated both her constitutional rights under 42 U.S.C. § 1983 and her statutory rights as established by the Privacy Act of 1974, 5 U.S.C. § 552a. (Am. Compl. at 2, 6.) These allegations appear to run against all Defendants and are not individualized.

To the extent that Plaintiff's constitutional claims run against OIG or any federal employee acting in his or her official capacity, sovereign immunity shields those Defendants from suits for damages. *Arensberg v. United States*, 757 F.2d 971, 980 (9th Cir. 1985); *see also FDIC v. Meyer*, 510 U.S. 471, 486 (1994). The Court dismissed portions of Plaintiff's initial Complaint on this basis, and it will dismiss the applicable portions of Plaintiff's Amended Complaint for the same reason. Further, although the Privacy Act abrogates sovereign immunity permitting suits for "intentional or willful" violations, 5 U.S.C. 552a(g)(4)(A); *see also FAA v. Cooper*, 566 U.S. 284, 287 (2012), Plaintiff fails to set forth a sufficient factual basis in her Amended Complaint to establish a Privacy Act claim. Therefore, the Court dismisses Plaintiff's claims against OIG.

Next, to the extent that Plaintiff's claims run against any Defendant in his or her personal capacity, Plaintiff's Amended Complaint still fails. As discussed previously, the bulk of Plaintiff's allegations appear to run against all Defendants; however, group pleading in this manner fails to comply with Rule 8(a)(2) because it does not give fair notice of the claims against each Defendant with the requisite specificity. *Riehle v. Bank of America, N. A.*, No. CV-12-00251-PHX-NVW, 2013 WL 1694442, at *2 (D. Ariz. Apr. 18, 2013). Defendant does not make any individualized allegation against Defendants Ford, Sickendick, Bainer, "Rose," or the Arizona Department of Public Safety. Therefore, the Court dismisses Plaintiff's claims as to these Defendants because the Amended Complaint fails to give each fair notice of the conduct that Plaintiff alleges makes each of these Defendants liable.

Further, although Plaintiff does make some individualized allegations against Defendant Frances, these allegations are insufficient to state a claim. Plaintiff alleges that she exchanged emails with "Joann M Frances in a very short period [] in January of 2016" during which Plaintiff "attempted to get [an] explanation to no avail." (Am. Compl. at 7.) Plaintiff alleges that Frances found aspects of the conversation "to be humorous" and that Frances told her "that they had around 66 thousand [sic] people in this database." (Am. Compl. at 7.) Plaintiff, however, fails to make clear how these acts

by Frances give rise to any liability. Accordingly, the Court dismisses Plaintiff's claims against Frances.

Finally, with regard to the Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 7), the Court again finds that the Application is not clear enough for the Court to meaningfully evaluate Plaintiff's ability to pay the costs of these proceedings. Specifically, Plaintiff appears to list her average monthly income in the previous twelve months somewhere between $874 and $1748 and her monthly expenses between $375 and $795. On the basis of these allegations, the Court would be within its discretion to deny Plaintiff's application because it does not appear that Plaintiff would be unable to pay the filing fee; however, because the Court dismisses the entirety of Plaintiff's Amended Complaint, the Court will strike the Amended Application as moot. If Plaintiff files a Second Amended Complaint, she may file an amended Application.

**IT IS THEREFORE ORDERED** dismissing Plaintiff's Amended Complaint (Doc. 7).

**IT IS FURTHER ORDERED** that Plaintiff may file a Second Amended Complaint that Complies with the Federal Rules of Civil Procedure no later than 21 days from the date of this order. If no Second Amended Complaint is timely filed, the Clerk shall dismiss this action without further Order of the Court.

**IT IS FURTHER ORDERED** striking Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs containing the required information, or pay the Court's filing fee (Doc. 8).

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

**IT IS FURTHER ORDERED** that if Plaintiff elects to file a Second Amended Complaint, it may not be served on Defendants until and unless the Court screens the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2). If and when the Court gives Plaintiff leave to serve an Amended Complaint, Plaintiff shall be responsible for service and may do so by request for waiver under Federal Rule of Civil Procedure 4.

Dated this 8th day of December, 2017.

Honorable John J. Tuchi
United States District Judge